UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY WILLIAM HOCH,

        Petitioner,

    v.

KENNETH QUINN,

        Respondent.

Case No. C07-5504RBL-KLS

ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on petitioner's filing of an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. To file a petition and initiate legal proceedings, petitioner must pay a filing fee of $5.00 or file a proper application to proceed *in forma pauperis*.

    Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Petitioner thus is required to submit a statement showing <u>the balance and activity</u> of his account for the

ORDER
Page - 1

six-month period immediately preceding the filing of his petition. Here, petitioner has submitted a one page *in forma pauperis* status report, which sets forth his average monthly receipts and average spendable balance over the six-month period from May 1, 2007, to August 31, 2007, but does not show the activity in his prison trust account over that period.

      Accordingly, this court orders the following:

(1)     Plaintiff shall seek to cure this deficiency by filing **no later than January 5, 2008**, a copy of his prison trust account statement showing the <u>balance and activity</u> of his account for the six-month period immediately preceding the filing of his petition.

**Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2)     The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 6th day of December, 2007.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2