UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY WILLIAM HOCH,<br><br>        Petitioner,<br><br>    v.<br><br>KENNETH QUINN,<br><br>        Respondent. | Case No.  C07-5504RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 2, 2008 |

Petitioner is a state prisoner currently incarcerated at the Monroe Correctional Complex, located at the Washington State Reformatory in Monroe, Washington. This matter is before the Court on his petition for writ of *habeas corpus* filed with this court pursuant to 28 U.S.C. § 2254. (Dkt. #7). Respondent has answered the petition and filed the relevant state court records, and petitioner has filed a reply thereto. Thus, the case is ripe for review and a decision by the Court.

FACTUAL AND PROCEDURAL HISTORY

Petitioner plead guilty to two counts of rape of a child in the second degree on August 4, 2005 in Cowlitz County Superior Court. Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 2, p. 7 (Dkt. #14). He was sentenced to minimum prison term of 136 months in confinement and a maximum prison term of life for each count. Id., Exhibit 1, p. 5. The guilty plea statement defendant signed states that he was informed and fully understood that he was being charged with "[r]ape of a child in the second degree," the elements of which are "[h]aving sexual intercourse with a person at least 12 years of age but less than 14 years of age while being at least 36 months older than that person in Cowlitz

REPORT AND RECOMMENDATION
Page - 1

1 County, WA." <u>Id.</u>, Exhibit 2, p. 1.

2 The guilty plea statement further states that in consideration of the consequences of his guilty plea, petitioner understands that each crime with which he is charged carries a standard range of confinement of 102 to 136 months and a maximum prison term of life. <u>Id.</u> at p. 2. In addition, the plea statement states that "[t]he prosecuting attorney will make the following recommendation to the judge: 136 months agreed minimum, to life under sent. review board; Pscyho-sexual eval and treatment. Agreed no SOSA; C/C for life." <u>Id.</u> at p. 4. A written statement made by petitioner at the time as to what he did to make him guilty of the crimes alleged is contained in the plea statement as well:

> In January of 2004 I slept with Kristina Wolfe, DOB 1/9/91 while she was thirteen years of age and I was twenty nine years of age. By "slept with" I mean that we had sexual intercourse. This happened in Cowlitz County, WA. In March of 2004 I had sexual intercourse with Kristina Wolfe while she was thirteen years of age and I was twenty-nine years of age. This happened in Cowlitz County, WA.

<u>Id.</u> at p. 7. The last page of the plea statement contains a checked box indicating petitioner was asserting that he had previously read the entire statement and "understood it in full." <u>Id.</u> at p. 8. That page also is signed by petitioner's attorney, the prosecuting attorney and the sentencing judge. <u>Id.</u>

On September 27, 2005, the Cowlitz County Superior Court entered a judgment and sentence with respect to petitioner pursuant to RCW 9.94A.712 for two counts of rape of a child in the second degree as defined in RCW 9A.44.076. <u>Id.</u>, Exhibit 1, p. 1. As noted above, petitioner was sentenced to a minimum term of 136 months in prison and a maximum term of life imprisonment. <u>Id.</u> at p. 5. On December 30, 2005, he filed a notice of appeal with the superior court seeking review of his sentence. <u>Id.</u>, Exhibit 3. On February 8, 2006, however, the Clerk for the Washington State Court of Appeals, Division II, informed petitioner that his notice of appeal was untimely filed, and that he had ten days in which to file a motion for an extension of time to file a late notice of appeal. <u>Id.</u>, Exhibit 4.

Because petitioner filed no such motion or response to the Clerk's notice, on March 3, 2006, the Commissioner for the Washington State Court of Appeals, Division II, dismissed petitioner's appeal for want of prosecution. <u>Id.</u>, Exhibit 5. The Court of Appeals then issued its mandate on April 12, 2006. <u>Id.</u>, Exhibit 6. On July 19, 2006, petitioner filed a personal restraint petition with the Court of Appeals, which dismissed it on March 21, 2007. <u>Id.</u>, Exhibits 7 and 10. Petitioner's motion for reconsideration of the Court of Appeals' dismissal, which was treated as a motion for discretionary review by the Washington

State Supreme Court, was denied by the Washington State Supreme Court Commissioner on June 26, 2007. Id., Exhibits 11-12, 14. Petitioner's motion to modify the Commissioner's ruling was denied as well on September 5, 2007. Id., Exhibits 15-16. On January 22, 2008, the Washington State Court of Appeals issued its mandate. Id., Exhibit 17.

In the petition he filed before this Court, petitioner challenges the legality of his sentence, based on the following grounds for federal *habeas corpus* relief:

(1) The superior court exceeded its sentencing authority in sentencing him to an indeterminate prison term of 136 months to life – when the standard range for the crimes he comitted was 102 to 136 months – without the benefit of a jury trial in violation of Blakely v. Washington, 542 U.S. 296 (2004).

(2) RCW 9.94A.712 violates Blakely by requiring that aggravating factors first be submitted to a jury before permitting the imposition of exceptional minimum sentences, while not also requiring the same submission prior to permitting the imposition of exceptional maximum sentences.

(3) RCW 9.94A.712 allows sentences to be imposed without jury trials in violation of the constitutional prohibition against bills of attainder.

(Id., brief of petitioner attached to petition).

There appears to be no issue of timeliness concerning the filing of petitioner's federal *habeas corpus* petition with this Court. There also do not seem to be any issues with respect to the exhaustion of state remedies, and respondent appears to concede as much or at least is willing to assume this to be the case for purposes of judicial review here. Therefore, after carefully reviewing the petition, respondent's answer, petitioner's reply thereto, and the remaining record, the undersigned recommends that the Court deny the petition for the reasons set forth below.

## NO EVIDENTIARY HEARING IS REQUIRED

In a proceeding instituted by the filing of a federal *habeas corpus* petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id.

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. Baja v. Ducharme, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998)). On the other hand, if the petitioner fails to develop "the

factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense

28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). It "is *not* required on issues that can be resolved by reference to the state court record." Id. (emphasis in original). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." Id.; United States v. Birtle, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

Here, "[t]here is no indication from the arguments presented" by petitioner "that an evidentiary hearing would in any way shed new light on the" grounds for federal *habeas corpus* relief raised in his petition. Totten, 137 F.2d at 1177. Because, as discussed below, the issues raised by petitioner may be resolved based solely on the state court record and he has failed to prove his allegation of constitutional errors, no evidentiary hearing is required.

DISCUSSION

I.    Standard of Review

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court:

    [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

REPORT AND RECOMMENDATION
Page - 4

>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, 28 U.S.C. § 2254(d) "defines two categories of cases" where such relief may be obtained. Williams v. Taylor, 529 U.S. 362, 404 (2000).

Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases. Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams, 529 U.S. at 405-06). A state court decision also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. Id.

A state court decision can involve an "unreasonable application" of the Supreme Court's clearly established precedent in the following two ways: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407. However, "[t]he 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." Lockyer, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." Id.

Under 28 U.S.C. § 2254(d)(2), a federal petition for writ of *habeas corpus* also may be granted "if a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Juan H. V. Allen, 408 F.3d 1262, 1270 n.8 (9th Cir. 2005) (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)). As noted above, however, "[a] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II.     Scope of Review and Harmless Error

   A.     Washington's Statutory Sentencing Scheme

The district court may not "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, the court "is limited to deciding whether a conviction

REPORT AND RECOMMENDATION
Page - 5

1 violated the Constitution, laws, or treaties of the United States." Id. at 68; see also Smith v. Phillips, 455
2 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and
3 may intervene only to correct wrongs of constitutional dimension."). In addition, for federal *habeas*
4 *corpus* relief to be granted, the constitutional error must have had a "substantial and injurious effect or
5 influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation
6 omitted). In other words, a petitioner is "not entitled to habeas relief based on trial error," unless he or
7 she "can establish that it resulted in 'actual prejudice.'" Id.

8 III.     Petitioner's Claims Are Completely Without Merit

9 "An offender who is not a persistent offender shall be sentenced under" RCW 9.94A.712 "if the
10 offender . . . [i]s convicted of . . . rape of a child in the second degree. . ." RCW 9.94A.712(1)(a)(i). The
11 sentencing court on finding the offender "is subject to sentencing under" RCW 9.94A.712, "shall impose
12 a sentence to a maximum term and a minimum term." RCW 9.94.712(3)(a). The "maximum term" is "the
13 statutory maximum sentence for the offense." RCW. 9.94A.712(3)(b). The "minimum term," on the other
14 hand, is "either within the standard sentence range for the offense, or outside the standard sentence range
15 pursuant to RCW 9.94A.535" if the offender is eligible therefor. RCW 9.94A.712(3)(c)(i).

16 Rape of a child in the second degree is defined by statute as a "class A felony." RCW
17 9A.44.076(2). Under RCW 9.94A.505, "[w]hen a person is convicted of a felony . . . the court shall
18 impose a sentence within the standard sentence range established in RCW 9.94A.510,"[1] "unless another
19 term of confinement applies." RCW 9.94A.505(1), (2)(a)(I). As noted above, however, RCW 9.94A.712
20 does apply a separate minimum and maximum term of confinement for the crime of rape of a child in the
21 second degree. RCW 9.20.021(1)(a), in addition, states that "[u]nless a different maximum sentence for a
22 classified felony is specifically established by a statute of this state, no person convicted of" a class A
23 felony "shall be punished by confinement . . . exceeding . . . a term of life imprisonment." The term
24 "[s]tatutory maximum sentence" as used in RCW 9.94A.712 above, in turn, is defined in relevant part as
25 "the maximum length of time for which an offender may be confined as punishment for a crime as
26 prescribed in chapter 9A.20 RCW" or "the statute defining the crime." RCW 9.94A.030(45).

27
28   [1]RCW 9.94A.510 contains a sentencing grid consisting of various sentence ranges depending on the individual's "offender score" and the "seriousness level" of the offense. For example, an offender such as petitioner with an offender level of 3 and a seriousness level of XI would result in a standard sentencing range of 102 to 136 months of confinement. Id.

REPORT AND RECOMMENDATION
Page - 6

With respect to "[a]ggravating circumstances" and "[s]entences above the standard range," the Washington sentencing statutory scheme does also provide elsewhere in general that "[a]t any time prior to trial or entry of the guilty plea . . . the state may give notice that it is seeking a sentence above the standard sentencing range." RCW 9.94A.537(1). Such notice "shall state the aggravating circumstances upon which the requested sentence will be based." Id. In addition, "[t]he court may impose a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. A sentence imposed "outside the standard sentence range," furthermore, "shall be a determinate sentence."[2] Id.

B. *Apprendi* and *Blakely*

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Four years later the Supreme Court held in Blakely that "the 'statutory maximum' for *Apprendi* purposes is the maximum a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by defendant*," explaining further that:

> In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," . . . and the judge exceeds his proper authority.

542 U.S. at 303 (emphasis in original) (internal citation omitted).

C. The State Courts' Decisions

In denying petitioner's personal restraint petition, the Washington State Court of Appeals found as follows:

> In a timely petition, Jeffrey William Hoch seeks relief from personal restraint imposed after he pleaded guilty to two counts of second degree rape of a child. The superior court sentenced Petitioner under RCW 9.94A.712, imposing on each count a standard range minimum sentence of 136 months and a maximum sentence of life, to be served concurrently. Based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Petitioner urges the maximum life sentence is illegal and

---

[2] A "determinate sentence" is one which, as the name implies, "states with exactitude the number of actual years, months, or days of total confinement." RCW 9.94A.030(18).

REPORT AND RECOMMENDATION
Page - 7

unconstitutional on a variety of grounds.[3]  We dismiss his frivolous petition.

      All of Petitioner's arguments depend on his claim that the reference to "statutory maximum" in RCW 9.94A.712(3)(b) means the top of the standard range and not the maximums established for each felony class in RCW 9A.20.021(1). Under RCW 9.94A.712(3), the superior court is required to impose *both* a minimum sentence within or, if legally justified, outside the standard range *and* a maximum sentence equal to the statutory maximum. Petitioner's interpretation would lead to absurd sentences, in which the minimum sentence could equal or exceed the maximum. His interpretation would also render RCW 9.94A.712(3) a nullity, as the superior court already has authority under the SRA [Sentencing Reform Act of 1981] to impose any sentence within the standard range. *See* RCW 9.94A.505(2)(a)(i), .530.

      More importantly, the Washington State Supreme Court has rejected Petitioner's interpretation. The defendant in *State v. Clarke*, 156 Wn.2d 880, 886-87, 134 P.3d 188 (2006)[, *cert denied* 128 S.Ct. 365 (2007)], made an identical claim as part of his challenge to an exceptional minimum sentence: "Clarke argues the relevant statutory maximum in his case is the high end of the standard range, or in other words, his minimum sentence." The State argued the statutory maximum was life, the maximum established for Class A felonies by RCW 9A.20.021(1). *Clarke*, 156 Wn.2d at 887. The state supreme court resolved the issue against Clarke and against Petitioner:

> Because Clarke is serving an indeterminate life sentence under RCW 9.94A.712, the relevant "statutory maximum" that the sentencing court may impose without any additional findings is life imprisonment. The standard range for minimum sentences under RCW 9.94A.712 provides a guideline for when the ISRB [Indeterminate Sentence Review Board] should consider release, but the standard range does not in any way establish Clarke's maximum sentence.

*Clarke*, 156 Wn.2d at 890-91. The state supreme court's binding interpretation of RCW 9.94A.712 defeats all of Petitioner's claims.

      Petitioner pleaded guilty to a Class A felony with a statutory maximum of life in prison. *See* RCW 9A.20.021(1)(a), .44.076(2). His guilty plea form provided explicit notice of that maximum sentence, that the superior court would impose it as part of an indeterminate sentence under RCW 9.94A.712, and that the Indeterminate Sentence Review Board could extend his minimum sentence to keep him in prison up to the maximum of life. At the time he pleaded guilty, Washington statutes required the superior court to impose the statutory maximum of life in prison as *the* maximum of Petitioner's indeterminate sentence. The superior court thus did not exceed "the maximum sentence a judge may impose *solely on the basis of the facts . . . admitted by the defendant*." *Blakely*, 542 U.S. at 303. . . .

Record, Exhibit 10, pp. 1-3 (emphasis in original) (internal footnotes omitted).  The Washington State Supreme Court Commissioner also expressly rejected petitioner's arguments:

> Mr. Hoch argues that his maximum sentence of life constitutes an unlawful exceptional sentence in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct.2531, 159 L.Ed.2d 403 (2004), and the new exceptional sentence statute that requires a jury to find aggravating factors. *See* RCW 9.94A.537. But the maximum sentence is not

---

[3] Petitioner contended "that 1) imposing a maximum larger than the top of the standard range violates his constitutional right to jury trial and to due process under *Blakely*; 2) because it exceeds the top of the standard range, his sentence constitutes an exceptional sentence but without the required procedures and findings; 3) *Blakely* prohibits imposition of a sentence above the top of the standard range even for RCW 9.94A.712 indeterminate sentences; 4) imposing a maximum sentence higher than the top of the standard range under RCW 9.94A.712 without the right to additional jury findings coverts the statute to a bill of attainder; and 5) RCW 9.94A.712 does not mandate a life sentence." Record, Exhibit 10, p. 1.

REPORT AND RECOMMENDATION

Page - 8

unlawful. *Blakely* permits a court to impose any sentence allowed by the judgment of guilt alone. *Id.*, 542 U.S. at 303. Mr. Hoch's convictions alone required the superior court to impose a maximum sentence consisting of the "statutory maximum" set forth in chapter 9A.20 RCW. RCW 9.94A.712(3)(b); RCW 9.94A.030(45). For Mr. Hoch's crime, that maximum is life. RCW 9A.20.021(1)(a) (class A felonies); RCW 9A.44.076(2) (second degree rape of child a class A felony). The superior court therefore properly imposed a maximum sentence of life.

But relying on the exceptional sentence statutes, Mr. Hoch reasons that, because a court may impose a sentence outside the "standard range" only if aggravating factors are found, RCW 9.94A.535, and because, if aggravating factors are found by a jury, a court may then impose a term "up to the maximum allowed under RCW 9A.20.021," RCW 9.94A.537(5), the legislature necessarily recognized that a maximum sentence under chapter 9A.20 RCW constitutes an "exceptional" sentence subject to *Blakely* and the new exceptional sentence statute. But Mr. Hoch's sentence is governed specifically by RCW 9.94A.712. RCW 9.94A.535 applies only to the extent the superior court must consult the aggravating factors set forth in that statute if it contemplates imposing a *minimum* sentence outside the standard range. RCW 9.94A.712(3)(c)(i). And even then, *Blakely* is inapplicable because only a minimum sentence is involved. *State v. Clarke*, 156 Wn.2d 880, 894, 134 P.3d 188 (2006). As discussed, for the maximum term, the statute requires the superior court to impose the maximum sentence of chapter 9A.20 RCW based on the judgment of guilt alone. RCW 9.94A.712(3)(b).[4]

In sum, the superior court properly imposed a maximum sentence of life.

Id., Exhibit 14, pp. 1-2, Exhibit 16 (internal footnotes omitted).

The undersigned finds the reasoning and determinations of the state courts to be proper here, and well in line with both the Washington statutory scheme outlined above and the decisions by the United States Supreme Court in Apprendi and Blakely. As further explained by the Washington State Supreme Court in Clarke, "[b]y enacting RCW 9.94A.712, the [state] legislature has directed that a life sentence is a valid sentence for rape in the second degree and that such a sentence must be imposed." 156 Wn.2d at 890. "An offender sentenced under RCW 9.94A.712" thus "is serving a life sentence with the *possibility* of release . . . upon expiration of his minimum term." Id. (emphasis in original). In other words, "under *Blakely* analysis . . . the relevant statutory maximum for *Apprendi* purposes is life imprisonment." Id. at 891. Further, Blakely "does not bar judicial fact-finding related to" the minimum sentence imposed on petitioner, as it "does not exceed the relevant statutory maximum." Id. at 891, 892-93.

In the *habeas corpus* petition filed with this Court, petitioner states he was sentenced to a prison term of 136 months to life, despite the fact that his offender score and the seriousness level of the offense resulted in a standard sentence range of 102 to 136 months in prison. Clearly, though, as discussed above, the standard sentence range only applies to petitioner's minimum prison term, and that his maximum term

---

[4]The Supreme Court Commissioner further found that "[f]or the same reasons," there also was "no merit" to petitioner's argument that RCW 9.94A.712 constituted an unlawful bill of attainder. Id., Exhibit 14, p. 2.

REPORT AND RECOMMENDATION
Page - 9

1  under RCW 9.94A.712 is life imprisonment. While it is true that petitioner thus has been sentenced to an indeterminate sentence of 136 months to life, this does not erase the fact that the maximum term of life imprisonment that RCW 9.94A.012 imposes on petitioner, and which he must serve according to statute unless later found to be eligible for earlier release, has not been exceeded in this case. As such, Blakely does not apply here, and petitioner therefore was not entitled to a jury determination.

Petitioner relies on the concurring opinion in State v. Monroe, 126 Wn.App. 435 (2005), to argue that RCW 9.94A.712 "does not grant a sentencing court the authority to impose a determinate minimum term above the standard range without first satisfying *Blakely's* procedural jury trial requirement." Id. at 447. However, ignoring the fact that petitioner was not sentenced above the standard range with respect to his minimum prison term, and that Blakely applies only when the maximum statutory sentence imposed has been exceeded – which has not occurred here – as noted by the Court of Appeals hin this case, such reasoning expressly was rejected by the Washington State Supreme Court in Clarke. Record, Exhibit 10, p. 2; Clarke, 156 Wn.2d at 893. For this and the other reasons noted above, petitioner's second ground for seeking federal *habeas corpus* relief is rejected here as well.

Petitioner's claim that RCW 9.94A.712 constitutes an unlawful bill of attainder is, for the same reasons, also without merit. "The United States Constitution provides that '[n]o Bill of Attainder . . . shall be passed.'" Hsiung v. City and County of Honolulu, 378 F.Supp.2d 1258, 1267 (D.Haw. 2005) (quoting U.S. Const. Art. I, § 9, cl. 3). "A bill of attainder has been traditionally defined as 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" Id. (quoting Nixon v. Adm'r of Gen Servs., 433 U.S. 425, 468 (1977)). "The purpose of the Bill of Attainder Clause is to implement the doctrine of separation of powers, by precluding the legislative branch from usurping the role of the judiciary." Id. (citing Seariver Mr. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 668 (9th Cir. 2002)).

To constitute a bill of attainder, the following requirements must be met: "(1) the statute specifies the affected persons, (2) the statute inflicts punishment, and (3) the punishment is inflicted without a judicial trial." Id.; see also United States v. Munsterman, 177 F.3d 1139, 1141 (9th Cir. 1999). However, "[t]here is a presumption that statues are constitutional, and thus not bills of attainder." Hsuing, 378 F.Supp.2d at 1268 (citing Selective Serv. Sys. v. Minn. Pub. Interest Research, 468 U.S. 841, 847 (1984)). Accordingly, "[o]nly the clearest proof suffices to establish the unconstitutionality of a statute as a bill of

REPORT AND RECOMMENDATION
Page - 10

attainder." Id. (same). The undersigned agrees with the Washington State Supreme Court Commissioner that because petitioner has failed to show that he was improperly sentenced under RCW 9.94A.712, or that either Washington's statutory sentencing scheme or Blakely requires that he first receive a jury trial before being sentenced to a prison term of 136 months to life, his claim that RCW 9.94A.712 constitutes an unlawful bill of attainder is baseless.

## CONCLUSION

For the reasons set forth above, petitioner has failed to show the state courts' decisions concerning the lawfulness of his sentence were either "contrary to, or involved an unreasonable application of, clearly established federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Petitioner thus has failed to show he is entitled to federal *habeas corpus* relief. Accordingly, the Court should deny his petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 2, 2008**, as noted in the caption.

DATED this 3rd day of April, 2008.

Karen L. Strombom
United States Magistrate Judge